IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr151

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| GIUSEPPE PILEGGI, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on its own motion.

At the re-sentencing of this matter,[1] the Court held the final determination of restitution open as authorized by 18 U.S.C. § 3664(d)(5). The parties filed additional pleadings that have been considered by the Court. (Doc. Nos. 558, 560, 561).

Under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. §§ 3663A-3664, sentencing courts are required to order restitution to persons directly harmed by a defendant's criminal offense. United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010). Government has the burden of proving a victim's actual loss by a preponderance of the evidence. United States v. Wilkenson, 590 F.3d 259, 268 (4th Cir. 2010) (citing 18 U.S.C. § 3664(e)). Upon review of the record, the Court finds that an additional evidentiary hearing is necessary to determine the amount of restitution owed by the defendant to each victim of the offenses for which he was convicted. This is the limited purpose of the hearing.

---

[1] The defendant's original sentence, imposed by a different judge, was vacated by the United States Court of Appeals for the Fourth Circuit, which also ordered that the case be reassigned. (Doc. No. 506: Opinion and Judgment).

**IT IS, THEREFORE, ORDERED** that the evidentiary hearing will be held on August 30, 2011, at 9:30 a.m. in the Robert D. Potter Courtroom in Charlotte, North Carolina.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge